1

2

3

4

5

6

7

8                        United States District Court

9                       Eastern District of California

10

11

12   Eric D. Perry,

13            Plaintiff,                 No. Civ. S 03-1361 FCD PAN P

14        vs.                            Order

15   County of Solano, et al.,

16            Defendants.

17                                  -oOo-

18       Plaintiff is a state prisoner without counsel prosecuting a

19   civil rights action against deputy sheriff Stacks and Solano

20   County.  Plaintiff alleges that while he was handcuffed and

21   shackled and being escorting from a courtroom, Stacks slammed him

22   against a wall and then hurled him head-first into an elevator,

23   causing him to hit his head.  Plaintiff claims his injuries were

24   a knot on the head, whiplash of the neck and back and a cut on

25   the elbow.

26       The court approved service of defendant Stacks and he

1   answered December 19, 2003.  The court neither dismissed the

2   County of Solano nor approved service upon it as a defendant.

3        October 8, 2004, plaintiff moved for discovery of Stacks'

4   personnel records, stating on information and belief Stacks was

5   involved in prior incidents of excessive force and seeking

6   disclosure of records reflecting those incidents.  Plaintiff's

7   motion, treated as a motion to compel, is denied because

8   plaintiff has not provided the court with the discovery requests

9   made by plaintiff nor Stacks' responses thereto.

10       November 16, 2004, plaintiff moved for leave to amend the

11  complaint to add Solano County as a defendant.  Plaintiff states

12  an investigator told him approximately 30 inmates have charged

13  Stacks with use of excessive force.

14       A local public entity or municipality cannot be liable under

15  section 1983 based on respondeat superior.  Collins v. City of

16  Harker Heights, 503 U.S. 115, 122 (1992).  Rather, the plaintiff

17  must show there is an official policy, custom, or practice of the

18  public entity of deliberate indifference to the rights of

19  individuals, and as a result thereof, the plaintiff suffered a

20  deprivation of his rights.  Monell v. Department of Social

21  Services of the City of New York, 436 U.S. 658 (1978).  A

22  "policy" is "a deliberate choice to follow a course of action . .

23  . made from among various alternatives by the official or

24  officials responsible for establishing final policy with respect

25  to the subject matter in question."  Oviatt by and through Waugh

26  v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992) (quoting Pembaur

1  v. City of Cincinnati, 475 U.S. 469, 483-84 (1986)).  An official

2  policy, custom, or practice evidences "deliberate indifference"

3  to constitutional rights when the need for more or different

4  action is "so obvious, and the inadequacy of the current

5  procedure is so likely to result in the violation of

6  constitutional rights, that the policy makers . . . can be

7  reasonably said to have been deliberately indifferent to the

8  need."  Id. at 1477-78 (quoting City of Canton, 489 U.S. 378, 390

9  (1989)).

10      Plaintiff's motion for leave to amend is denied because

11 plaintiff did not submit a proposed amended complaint stating all

12 claims against all defendants.  Plaintiff may move again for

13 leave to amend, correcting this error.  It would appear any

14 further brief delay in seeking leave to amend may be excusable

15 based on the court's previous inaction with respect to defendant

16 County of Solano.

17      February 1, 2005, plaintiff moved in limine to exclude

18 evidence regarding his criminal history.  The motion is premature

19 because the case is not, presently, set for trial.  The court

20 will issue a new scheduling order after the question of amended

21 pleading is resolved.

22      Accordingly, the court hereby orders that:

23      1.  Plaintiff's October 8, 2004, motion for discovery of

24 Stacks' personnel records, construed as a motion to compel, is

25 denied.

26      2.  Plaintiff's November 16, 2004, motion for leave to file

1   an amended complaint is denied without prejudice.  If plaintiff

2   intends to pursue claims against Solano County he shall file a

3   motion for leave to amend and proposed amended complaint within

4   20 days; otherwise the court will recommend claims against County

5   of Solano be dismissed.

6        3.   Plaintiff's February 1, 2005, motion in limine is denied

7   without prejudice.

8        Dated:  May 31, 2005.

9                                    /s/ Peter A. Nowinski

10                                   PETER A. NOWINSKI
                                     Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26