United States District Court

Eastern District of California

Eric D. Perry,

      Plaintiff,              No. Civ. S 03-1361 FCD PAN P

  vs.                         Findings and Recommendations

County of Solano, et al.,

      Defendants.

-oOo-

    Plaintiff is a state prisoner without counsel seeking redress against a deputy sheriff for violation of plaintiff's federal civil rights. Plaintiff alleges that while he was being escorted from a courtroom, handcuffed and shackled, deputy sheriff Stacks slammed plaintiff against a wall and then hurled him head-first into an elevator causing a knot on the head, whiplash of the neck and back and a cut on the elbow.

    Stacks moved for summary judgment and plaintiff opposed.

    In seeking summary judgment the moving party must establish

1 that no genuine issue of material fact exists and that the moving
2 party is entitled to judgment as a matter of law.  Fed. R. Civ.
3 P. 56(c).  An issue is "genuine" if the evidence is such that a
4 reasonable jury could return a verdict for the opposing party.
5 Anderson v. Liberty Lobby Inc., 477 U.S. 242 (1986).  A fact is
6 "material" if it affects the right to recover under applicable
7 substantive law.  Id.  The moving party must submit evidence that
8 establishes issues upon which the movant bears the burden of
9 proof; if the movant does not bear the burden of proof on an
10 issue, the movant need only point to the absence of evidence to
11 support the opponent's burden.  Celotex Corp. v. Catrett, 477
12 U.S. 317, 324 (1986).  To avoid summary judgment on an issue upon
13 which the opponent bears the burden of proof, the opponent must
14 present affirmative evidence sufficiently probative such that a
15 jury reasonably could decide the issue in favor of the opponent.
16 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
17 588 (1986).  When the conduct alleged is implausible, stronger
18 evidence than otherwise required must be presented to defeat
19 summary judgment.  Id. at 587.
20      In considering summary judgment, this court should view the
21 evidence in the light most favorable to the nonmoving party.
22 Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004).  Where the
23 nonmoving party is pro se this court should "consider as evidence
24 in his opposition to summary judgment all ... contentions offered
25 in motions and pleadings, where such contentions are based on
26 personal knowledge and set forth facts that would be admissible

in evidence ... attested under penalty of perjury ... as true and correct." Id. Summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs. Id.

If a plaintiff is a pretrial detainee at the time of the alleged constitutional violation, his claims challenging excessive force properly are brought under the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 536 n. 16 (1979). The Due Process Clause is violated when conditions of pretrial detention amount to punishment of the detainee. Id. at 535. "A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." Id. at 538. If a restriction is not reasonably related to a legitimate goal (i.e., if it is arbitrary and purposeless) a court may permissibly infer that the purpose of the governmental action was punishment. Id.

To prevail on a claim prison officials used excessive force in violation of the Eighth Amendment prohibition against cruel and unusual punishment, plaintiff must establish defendant used force against him maliciously and sadistically for the very purpose of causing harm. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). An inmate alleging excessive force in violation of the Eighth Amendment is not required to allege a serious injury. Hudson v. McMillian, 503 U.S. 1, 4, (1992)) ("This case requires us to decide whether the use of excessive physical force against

a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury.  We answer that question in the affirmative.")

Plaintiff declares he was not resisting or attempting escape when Stacks injured him.  Stacks declares that plaintiff resisted him and, to prevent plaintiff from trying to rush past Stacks through an open door, he "moved" him into the waiting elevator and Perry "fell down."

The parties declarations pose material factual disputes precluding summary judgment.  See White v. Roper, 901 F.2d 1501, 1507 (9th Cir. 1990) (where amount of force was in dispute but plaintiff undisputably was resisting, defendant was entitled to summary judgment because injuries alleged were minor).  The result is the same whether plaintiff's claim is considered under the standard for Fourteenth Amendment Due Process or that for Eighth Amendment excessive force.

Accordingly, the court hereby recommends defendant Stacks' September 20, 2004, motion for summary judgment be denied.

Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these findings and recommendations are submitted to the United States District Judge assigned to this case.  Written objections may be filed within 20 days of service of these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated: May 31, 2005.

/s/ Peter A. Nowinski  
PETER A. NOWINSKI  
Magistrate Judge