United States District Court

Eastern District of California

Eric D. Perry,

        Plaintiff,

vs.

County of Solano, et al.,

        Defendants.

No. Civ. S 03-1361 FCD PAN P

Supplemental Findings and Recommendations

-oOo-

These findings and recommendation supplant the June 1, 2005, findings and recommendations, which are vacated.

Plaintiff is a state prisoner without counsel seeking redress against a deputy sheriff for violation of plaintiff's federal civil rights. Plaintiff alleges that while he was being escorted from a courtroom, handcuffed and shackled, deputy sheriff Stacks slammed plaintiff against a wall and then hurled him head-first into an elevator causing a knot on the head,

1 whiplash of the neck and back and a cut on the elbow.

2 Stacks moved for summary judgment and plaintiff opposed.

3 In seeking summary judgment the moving party must establish
4 that no genuine issue of material fact exists and that the moving
5 party is entitled to judgment as a matter of law.  Fed. R. Civ.
6 P. 56(c).  An issue is "genuine" if the evidence is such that a
7 reasonable jury could return a verdict for the opposing party.
8 Anderson v. Liberty Lobby Inc., 477 U.S. 242 (1986).  A fact is
9 "material" if it affects the right to recover under applicable
10 substantive law.  Id.  The moving party must submit evidence that
11 establishes issues upon which the movant bears the burden of
12 proof; if the movant does not bear the burden of proof on an
13 issue, the movant need only point to the absence of evidence to
14 support the opponent's burden.  Celotex Corp. v. Catrett, 477
15 U.S. 317, 324 (1986).  To avoid summary judgment on an issue upon
16 which the opponent bears the burden of proof, the opponent must
17 present affirmative evidence sufficiently probative such that a
18 jury reasonably could decide the issue in favor of the opponent.
19 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
20 588 (1986).  When the conduct alleged is implausible, stronger
21 evidence than otherwise required must be presented to defeat
22 summary judgment.  Id. at 587.

23 In considering summary judgment, this court should view the
24 evidence in the light most favorable to the nonmoving party.
25 Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004).  Where the
26 nonmoving party is pro se this court should "consider as evidence

2

1  in his opposition to summary judgment all ... contentions offered
2  in motions and pleadings, where such contentions are based on
3  personal knowledge and set forth facts that would be admissible
4  in evidence ... attested under penalty of perjury ... as true and
5  correct." Id.  Summary judgment is disfavored where relevant
6  evidence remains to be discovered, particularly in cases
7  involving confined pro se plaintiffs.  Id.
8      A pretrial detainee's claims challenging excessive force
9  properly are brought under the Due Process Clause of the
10 Fourteenth Amendment.  See Bell v. Wolfish, 441 U.S. 520, 536 n.
11 16 (1979).  The Due Process Clause is violated when conditions of
12 pretrial detention amount to punishment of the detainee.  Id. at
13 535.  "A court must decide whether the disability is imposed for
14 the purpose of punishment or whether it is but an incident of
15 some other legitimate governmental purpose."  Id. at 538.  If a
16 restriction is not reasonably related to a legitimate goal (i.e.,
17 if it is arbitrary and purposeless) a court may permissibly infer
18 that the purpose of the governmental action was punishment.  Id.
19     To prevail on a claim prison officials used excessive force
20 in violation of the Eighth Amendment prohibition against cruel
21 and unusual punishment, plaintiff must establish defendant used
22 force against him maliciously and sadistically for the very
23 purpose of causing harm.  See Farmer v. Brennan, 511 U.S. 825,
24 834 (1994).  An inmate alleging excessive force in violation of
25 the Eighth Amendment is not required to allege a serious injury.
26 Hudson v. McMillian, 503 U.S. 1, 4 (1992)) ("This case requires

1  us to decide whether the use of excessive physical force against
2  a prisoner may constitute cruel and unusual punishment when the
3  inmate does not suffer serious injury.  We answer that question
4  in the affirmative.")
5      Plaintiff declares he was not resisting or attempting escape
6  when Stacks injured him.  Stacks declares that plaintiff resisted
7  him and, to prevent plaintiff from trying to rush past Stacks
8  through an open door, he "moved" him into the waiting elevator
9  and Perry "fell down."
10     The parties declarations pose material factual disputes
11 precluding summary judgment.  See White v. Roper, 901 F.2d 1501,
12 1507 (9th Cir. 1990) (where amount of force was in dispute but
13 plaintiff undisputably was resisting, defendant was entitled to
14 summary judgment because injuries alleged were minor).  The
15 result is the same whether plaintiff's claim is considered under
16 the standard for Fourteenth Amendment Due Process or that for
17 Eighth Amendment excessive force.
18     Defendant argues plaintiff's injuries are "de minimus" but
19 the degree of injury is a disputed factual issue.  Even assuming
20 it were not, de minimus injuries would not preclude liability.
21 See Hudson, 503 U.S. 1.  The decision in White, 901 F.2d 1501, is
22 inapposite because here plaintiff disputes that he was
23 "resisting."
24     Defendant asserts he is entitled to qualified immunity.
25      A governmental official who seeks qualified immunity from a
26 civil rights action is entitled to a ruling on that issue early

4

enough to avoid the costs and expenses of trial. Saucier v. Katz, 533 U.S. 194 (2001). The question involves a two-part analysis. First, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? . . . If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Saucier v. Katz at 201. Second, the court must address whether the right at issue was clearly established, i.e., "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202 (citing Wilson v. Layne, 526 U.S. 603, 615 (1999) ("the right allegedly violated must be defined at the appropriate level of specificity before a court can determine if it was clearly established")). Immunity is established where an officer in defendant's position could have been reasonably mistaken as to whether his conduct violated clearly established law. Jeffers v. Gomez, 267 F.3d 895, 909-10 (9th Cir. 2001). Collapsing the qualified immunity inquiry into a denial of summary judgment on a constitutional claim undermines the goal of qualified immunity. Id.

   Plaintiff claims Stacks violated his right to be free from force used against him maliciously and sadistically for the very purpose of causing harm. Taking the facts in the light most favorable to plaintiff, claims that Stacks slammed plaintiff, who was not resisting, against a wall and hurled him into an

elevator, causing a knot on the head, whiplash and a cut elbow, would establish a violation of plaintiff's Eighth Amendment right to be free from excessive force.  This right has been clearly established at least since <u>Farmer</u>, decided in 1994.  It would be clear to a reasonable officer in Stacks' shoes that his conduct, as described by plaintiff, violated the constitutional right. Summary judgment based on qualified immunity is unwarranted.

Accordingly, the court hereby recommends defendant Stacks' September 20, 2004, motion for summary judgment be denied.

Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these findings and recommendations are submitted to the United States District Judge assigned to this case.  Written objections may be filed within 20 days of service of these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated:  June 29, 2005.

    /s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge