IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC D. PERRY,

    Plaintiff,                    No. CIV S-03-1361 FCD PAN P

    vs.

LAWRENCE STACKS,            <u>ORDER AND</u>

    Defendant.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has renewed his motion to amend his complaint.

        On November 16, 2004 plaintiff filed a motion to amend his complaint. (Docket No. 77.) On April 29, 2005, plaintiff filed a pretrial statement in which he again requested leave to amend his complaint. (Docket No. 85.) Plaintiff sought leave to amend to add Solano County as a defendant because an investigator told plaintiff that approximately 30 inmates have charged defendant Stacks with use of excessive force.

        By order filed June 1, 2005, the court denied plaintiff's November 16, 2004 motion because plaintiff failed to provide the court with a proposed amended complaint. However, plaintiff was advised that he could move again for leave to amend to correct this error and the court noted "[i]t would appear any further brief delay in seeking leave to amend may be

1

1  excusable based on the court's previous inaction with respect to defendant County of Solano."
2  (June 1, 2005 Order at 3.)  Plaintiff's motion to amend was denied without prejudice and plaintiff
3  was advised that he "shall file a motion for leave to amend and proposed amended complaint
4  within 20 days; otherwise the court will recommend claims against County of Solano be
5  dismissed." (Id. at 4.)

6  Plaintiff did not file a motion to amend and/or a proposed amended complaint on
7  or before June 21, 2005.

8  On July 15, 2005, plaintiff filed a document entitled "Plaintiff's Request for
9  Judicial Notice of Plaintiff's Pre-Trial Statement in Support of Amending Complaint." (Docket
10 No. 93.)  This filing did not comply with the June 1, 2005 order; however, in the prayer for relief,
11 plaintiff asked the court to construe the filing as a motion for leave to amend or, in the
12 alternative, to grant plaintiff a reasonable period of time in which to file a motion for leave to
13 amend.  (Id. at 3.)

14 On August 2, 2005, defendant filed an opposition to plaintiff's July 12, 2005
15 request and, because plaintiff had not timely filed his motion to amend or lodged his proposed
16 amended complaint by the June 21, 2005 deadline, asked the court to deny plaintiff's renewed
17 motion to amend.  (Docket No. 96.)

18 On September 9, 2005, plaintiff filed a second pretrial statement in which he
19 again requested leave to amend based on newly-discovered evidence.  (Docket No. 99.)  Plaintiff
20 asked the court's permission for leave to add Solano County as a defendant and to add three
21 claims against this defendant:  negligence; deliberate indifference; and failure to train/supervise
22 an employee.  (Id. at 24.)  In his September 22, 2005 pretrial statement, defendant opposed
23 plaintiff's renewed request to amend at this late date.  (Docket No. 100.)

24 On January 5, 2006, plaintiff filed another motion for leave to amend.  (Docket
25 No. 103.)  Plaintiff did not provide a proposed amended complaint.  On January 13, 2006,
26 defendant filed an opposition to the motion and asked the court to place this case back on the

court's trial calendar as both parties have now filed pretrial statements and the case is ripe for trial. (Docket No. 104.) On January 30, 2006, plaintiff filed a reply to defendant's opposition. (Docket No. 105.) On February 9, 2006, plaintiff filed a document entitled "Objection to Response to Motion for Leave to Amend Complaint." (Docket No. 106.)

Initially, the court notes that plaintiff's February 9, 2006 filing appears to be duplicative of his January 30, 2006 filing and will be disregarded.

Second, plaintiff has not provided a proposed amended complaint with any of his filings submitted after the court's June 1, 2005 order advising him that the submission of a proposed amended complaint was required. Moreover, despite the court's notice to plaintiff that a brief delay may be excusable, over nine months have now passed and plaintiff has not complied with the court's June 1, 2005 order. Plaintiff filed his complaint on June 26, 2003. Discovery in this action closed on December 3, 2004. The case is now ripe for a pretrial order, to be set for trial within months. Plaintiff has not demonstrated why he has been unable to file a proposed amended complaint and has made no effort to do so. Accordingly, plaintiff's motion to amend will be denied. The court's pretrial order will issue separately, and a new jury trial date will be set therein.

In light of this order, plaintiff's January 5, 2006 request for pretrial summary and request for a revised scheduling order will be denied. (Docket Nos. 101, 102.)

Moreover, because plaintiff failed to comply with the court's June 1, 2005 order, this court will recommend dismissal of defendant County of Solano. See Local Rule 11-110.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's January 5, 2006 motion for leave to file an amended complaint is denied (Docket No. 103); and

2. Plaintiff's January 5, 2006 requests are denied. (Docket Nos. 101, 102.)

IT IS HEREBY RECOMMENDED that defendant Solano County be dismissed from this action.

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
6  failure to file objections within the specified time may waive the right to appeal the District
7  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
8  DATED:  March 16, 2006.

UNITED STATES MAGISTRATE JUDGE

1; perr1361.mta