IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC D. PERRY,

         Plaintiff,                No. CIV S-03-1361 FCD PAN P

    vs.

LAWRENCE STACKS aka
WILSON STACKS,

         Defendants.              <u>PRETRIAL ORDER</u>

_____/

        Pursuant to court order the parties have submitted pretrial statements.  Upon review of the statements and the remainder of the file, and good cause appearing therefor, this court makes the following findings and orders:

<u>JURISDICTION/VENUE</u>

        Jurisdiction is predicated upon 28 U.S.C. § 1331 arising under 42 U.S.C. § 1983.  Venue is proper.  There is no dispute over either jurisdiction or venue.

<u>JURY/NON-JURY</u>

        Both parties have timely requested trial by jury.

/////

/////

1

UNDISPUTED FACTS

On August 28, 2001, plaintiff appeared in the courtroom of Judge Harry S. Kinnicut in the Solano County Superior Court.

At the time of his appearance, plaintiff was in belly chains and ankle restraints.

During plaintiff's court appearance, his criminal defense attorney, John Coffer, requested the court grant a continuance in order for plaintiff to undergo a mental evaluation pursuant to California Penal Code § 1368.

Judge Kinnicut ordered deputy sheriff and bailiff Lawrence Wilson Stacks to remove plaintiff from the courtroom.

Lawrence Wilson Stacks escorted plaintiff from his seat in the courtroom to the courtroom door utilized for inmates.

Lawrence Wilson Stacks escorted plaintiff through the courtroom door utilized for inmates and towards an awaiting elevator.

Plaintiff was sent down the elevator and escorted to the nurse by Deputy James Laughlin.

DISPUTED FACTUAL ISSUES

1. The events that took place after Judge Kinnicut ordered plaintiff to be removed from the courtroom and prior to his being escorted to the nurse by Deputy Laughlin;

2. Whether plaintiff resisted defendant;

3. Whether defendant used force on plaintiff;

4. If defendant used force on plaintiff, the amount and reasonableness of force used; and

5. The nature and extent of plaintiff's injuries.

/////

/////

/////

DISPUTED EVIDENTIARY ISSUES[1]

     1.  Plaintiff will object to the admissibility of deposition testimony contained in the written declarations of defense witnesses.  However, it appears these were declarations submitted in connection with the previously resolved motion for summary judgment.  Accordingly, plaintiff will object to the admissibility of these declarations, provided they are offered at trial.

     2.  Defendant will object to plaintiff attempting to introduce a newspaper article concerning plaintiff's courtroom appearance, evidence of purported excessive force complaints lodged against defendant by others, or evidence relating to investigation of such excessive force complaints.  Defendant will object to plaintiff calling any witness or questioning defendant concerning excessive force complaints lodged against him.

SPECIAL FACTUAL INFORMATION

     None applicable.

RELIEF SOUGHT

     In the complaint, plaintiff sought "financial compensation for [his] injuries, pain and suffering and emotional distress."  (Complaint at 3.)  In his pretrial statement, plaintiff seeks general damages on each cause of action against defendant in the sum of $25,000.00 and exemplary and punitive damages on each cause of action in the sum of $100,000.00.  (Pl.'s PTS at 14.)  Defendant objects to plaintiff's attempt to raise new allegations and to seek additional relief in the pretrial statement and at this late date.  Plaintiff's complaint raises one claim of excessive force in violation of the Eighth Amendment against defendant Stacks and seeks money

---

[1] In this section, plaintiff refers to several motions he claims were pending September 9, 2005.  However, defendants' motion for summary judgment was denied by order filed August 22, 2005.  Plaintiff's October 8, 2004 motion to compel production of defendant's personnel file, November 16, 2004 motion for leave to amend, and February 1, 2005 motion in limine were denied by order filed June 1, 2005.  On March 17, 2006, the undersigned recommended that plaintiff's January 5, 2006 motion to amend be denied and defendant Solano County be dismissed from this action.  Plaintiff failed to timely file objections.

1  damages only.  However, plaintiff's claim for money damages is not limited to the relief sought

2  in his complaint.  Fed. R. Civ. P. 54(c)("every final judgment shall grant the relief to which the

3  party in whose favor it is rendered is entitled, even if the party has not demanded such relief in

4  the party's pleadings.")  In civil rights actions brought under 42 U.S.C. § 1983, both

5  compensatory and punitive damages are available upon proper proof.  If liability is proven,

6  compensatory damages are mandatory.  Punitive damages, however, are awarded or rejected at

7  the discretion of the fact finder once sufficiently serious misconduct by a defendant is shown.

8  Coleman v. Rahija, 114 F.3d 778 (8th Cir. 1997).  Thus, plaintiff's request for punitive damages

9  should be submitted to the fact finder for decision if liability is proven.

10  POINTS OF LAW

11          The parties shall brief the elements, standards and burden of proof of the claims

12  herein presented by plaintiff under the applicable constitutional amendment, statutes and

13  regulations.  Trial briefs shall be filed with this court no later than ten days prior to the date of

14  trial in accordance with Local Rule 16-285.

15  ABANDONED ISSUES

16          Defendant abandons the affirmative defense of statute of limitations.

17  WITNESSES

18          Plaintiff anticipates calling:

19          1.  Mary Perry

20          2.  Jess Sullivan

21          3.  David McBride

22          4.  Richard Petretti

23          5.  James Laughlin

24          6.  Lawrence Stacks

25          7.  Thomas Norris

26          8.  Sergeant Dolan

9.  Nurse Angie

Plaintiff cites two "John Does" as witnesses to be called in this action.  The first "John Doe" is named as the person responsible for monitoring the video footage streaming from the camera in the elevator.  The second "John Doe" refers to potential witnesses referenced in other excessive force complaints in defendant's personnel file.  However, discovery has closed and plaintiff has not sought production of the videotape nor demonstrated such a tape exists.  In addition, plaintiff's motion to compel production of defendant's personnel file was denied on June 1, 2005.  Accordingly, plaintiff's request to call these "John Doe" witnesses is denied.

Defendants anticipate calling:

1.  The Honorable Harry S. Kinnicutt

2.  Linda Woodside

3.  Michelle Bence

4.  Jan Crow

5.  Jack Allen, Esq.

6.  John Kealy, Esq.

7.  Julie Underwood, Esq.

8.  John Coffer, Esq.

9.  Richard Petretti

10.  James Laughlin

11.  Thomas Norris, R.N.

12.  Dennis Hawley, M.D.

13.  Hermiano Zulueta, R.N.

14.  Sgt. Lee Refland

15.  Arthur Shin, Esq.

16.  Lawrence Wilson Stacks

Each party may call any witnesses designated by the other.

A.    No other witness will be permitted to testify unless:

    (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the pretrial conference, or

    (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

B.    Upon the post pretrial discovery of witnesses, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify.  The witnesses will not be permitted unless:

    (1) The witnesses could not reasonably have been discovered prior to pretrial;

    (2) The court and the opposing party were promptly notified upon discovery of the witnesses;

    (3) If time permitted, the party proffered the witnesses for deposition;

    (4) If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

EXHIBITS, SCHEDULES AND SUMMARIES[2]

    Plaintiff anticipates offering newspaper articles about this case, medical records and a drawing board.

    Defendants anticipate offering plaintiff's medical records from Solano County Sheriff's Department-Correctional Health Care Services dated August 28, 2001, August 29, 2001 and October 1, 2001, and the August 28, 2001 official court reporter transcript in People v. Perry, prepared by Jan Crow.

---

[2] In addition to the exhibits listed herein, plaintiff lists "pleadings" filed in this action as exhibits.  Pleadings are not proper exhibits and have not been included herein.

1    At the trial confirmation hearing, the court will issue an order as to the exchange
2 of exhibits.

3    Each party will file any objections to exhibits ten days before trial.  Each exhibit
4 not previously objected to will be forthwith received into evidence.  Plaintiff will use numbers to
5 mark exhibits; defendant will use letters.

6    A.  No other exhibits will be permitted to be introduced unless:

7       1.  The party proffering the exhibit demonstrates that the exhibit is for the
8          purpose of rebutting evidence which could not have been reasonably
9          anticipated, or

10      2.  The exhibit was discovered after the issuance of this order and the
11         proffering party makes the showing required in Paragraph "B," below.

12    B.  Upon the post pretrial discovery of exhibits, the parties shall promptly inform
13 the court and opposing party of the existence of such exhibits so that the court may consider at
14 trial their admissibility. The exhibits will not be received unless the proffering party
15 demonstrates:

16      1.  The exhibits could not reasonably have been discovered earlier;
17      2.  The court and the opposing party were promptly informed of their
18         existence;
19      3.  The proffering party forwarded a copy of the exhibit(s) (if physically
20         possible) to the opposing party.  If the exhibit(s) may not be copied the
21         proffering party must show that he has made the exhibit(s) reasonably
22         available for inspection by the opposing party.

23 The parties are directed to bring an original and one copy of each exhibit to trial.  The original
24 exhibit becomes the property of the court for purposes of trial.  The copy is for bench use during
25 trial.
26 /////

7

DISCOVERY DOCUMENTS

Plaintiff anticipates offering admissions, interrogatories and declarations.

Defendants anticipate the use of plaintiff's response to conception interrogatories set one, dated January 21, 2004; response to requests for admissions, set one, dated January 21, 2004; and response to contention interrogatories, set two, dated August 1, 2004.

FURTHER DISCOVERY OR MOTIONS

Discovery closed on December 3, 2004.

Plaintiff's request to conduct further discovery as to other excessive force complaints allegedly contained in defendant's personnel file was denied by the court on June 1, 2005. Plaintiff's request to reopen discovery to interview other witnesses, either identified or unidentified, is denied.

Defendant anticipates filing motions in limine. Motions in limine must be filed seven days prior to the trial.

STIPULATIONS

At this time the parties have reached no stipulations.

AMENDMENTS/DISMISSALS

Plaintiff's renewed motion to amend was denied by the court on March 17, 2006.

SETTLEMENT NEGOTIATIONS

It appears that a settlement conference is not warranted in this case.

AGREED STATEMENTS

None.

SEPARATE TRIAL OF ISSUES

Not applicable.

/////

/////

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Plaintiff states that the appointment of "an impartial medical expert witness is advisable to evaluate the validity of any medical claims made by defense witnesses concerning plaintiff's injuries." (Pl.'s PTS at 28.)  Both parties have named medical professionals as witnesses in this action.  Plaintiff may probe the validity of defense witnesses' medical opinions by cross-examination or by direct examination of other witnesses.  Plaintiff's request for an expert is denied.

ATTORNEYS' FEES

Plaintiff states he will seek attorney's fees if he is the prevailing party.  However, plaintiff is not represented by counsel.  Defendant seeks attorney's fees pursuant to 42 U.S.C. § 1988 and will file a written motion in the event defendant prevails.

TRIAL CONFIRMATION HEARING

A trial confirmation hearing is set for May 4, 2007 at 1:30 p.m. before the Honorable Frank C. Damrell in Courtroom #2.  A writ of habeas corpus ad testificandum will issue for plaintiff's appearance by video-conferencing.  At the trial confirmation hearing, the court will issue an order as to the exchange of exhibits.

ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for June 26, 2007 at 9:00 a.m. in Courtroom #2 before the Honorable Frank C. Damrell.  The court will issue writs of habeas corpus ad testificandum for plaintiff and the two incarcerated witnesses.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties are directed to Local Rule 47-162(a) and Local Rule 51-163(a) for procedures and time limits regarding proposed voir dire and proposed jury instructions, respectively.  The provisions of said local rules notwithstanding, the parties shall file proposed voir dire and proposed jury instructions, if any, not later than fourteen days before the date set for trial.

MISCELLANEOUS

Plaintiff's present custodian shall provide for plaintiff's presence at the videoconference trial confirmation hearing and at trial pursuant to the writ of habeas corpus ad testificandum to be issued.  All parties shall take any steps necessary to facilitate execution of said writ.  The parties and plaintiff's custodian are cautioned that sanctions will be imposed for failure to comply with court orders.

Counsel are directed to Local Rule 16-285 regarding the contents and the deadline for filing trial briefs.

OBJECTIONS TO PRETRIAL ORDER

Each party is granted fifteen days from the date of this order to file objections to same.  If no objections are filed, the order will become final without further order of this court.

DATED: August 18, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; perr1361.82